HENRY KIMMERLE v. THE DOWAGIAC MANUFACTURING
COMPANY ET AL.

*Receiver—Corporation acting as—Compensation.*

1. Soon after the appointment of a receiver, a settlement of the
   subject-matter of the suit was effected by the parties in
   interest, and it was stipulated between the complainant and
   three of the defendants that the complainant should pay one-
   half of the taxable fees, costs, and expenses of the receiver,
   and that the other half should be paid by the defendants.
   On appeal from an order of allowance made to the receiver,
   the three defendants contended that the appointment of the
   receiver was irregular, and that, therefore, no compensation
   should be allowed. And it is held that the stipulation recog-
   nized the acts of the receiver, and assumed that compen-
   sation should be made to it, which is inconsistent with said
   claim.

2. The contention of the defendants that the receiver is not
   entitled to charge in its account for attorney's fees, for the
   reason that the expense was incurred in attempting to main-
   tain the appointment, which appointment was irregular, is
   for the same reason untenable.

3. It cannot be contemplated that, by the appointment of a cor-
   poration as receiver, the duties may be devolved upon a
   responsible individual as the agent of the corporation, and
   his compensation be added to the proper charge for the ser-
   vices.

4. If, for its convenience, a corporation, which has been appointed
   receiver, sees fit to employ an agent to perform such functions
   as would generally be performed by the receiver himself, it
   must bear the expense.

Appeal from Cass. (Coolidge, J.) Submitted on briefs
May 9, 1895. Decided June 4, 1895.

Petition of the Michigan Trust Company for compensa-
tion as receiver of defendant company. The receiver and

certain of defendants appeal. Affirmed. The facts are stated in the opinion.

*George S. Clapp* (*Thomas F. McGarry* and *George E. Nichols*, of counsel), for the receiver.

*Spafford Tryon* and *Marshall L. Howell*, for defendants.

MONTGOMERY, J. This is an appeal from an order of allowance made to the Michigan Trust Company as receiver. After the cause had been pending about a month and a half, a settlement was effected by the parties in interest, the complainant assigning the stock which he held in the company to defendants Lyle, and it was stipulated and agreed as follows:

"The said Henry Kimmerle shall pay one-half of all taxable costs, including sheriff's fees and clerk's fees, and also one-half of the taxable fees, costs, and expenses of the receiver, the Michigan Trust Company, appointed by the circuit judge, Thomas O'Hara, and the said C. Eugene Lyle, Nelson F. Choate, and Frank W. Lyle agree to and with the said Henry Kimmerle to pay the other half of said above-named costs, expenses, and charges."

The defendants Lyle and Choate contend that the appointment of a receiver was irregular, and that, therefore, no compensation should be allowed. We think it is evident that one of the purposes of the settlement was to withdraw this question from further litigation, and this was the effect of the stipulation. Furthermore, the stipulation recognized the acts of the receiver, and assumed that compensation should be made to it. This is wholly inconsistent with the claim now made. The receiver would certainly be equitably entitled to demand compensation as against the complainant, who moved in its appointment, and the defendants, by their stipulation, have undertaken to share the expense.

It is further contended that the receiver it not entitled to charge its account for attorney's fees, for the reason

that the expense was incurred in attempting to maintain its appointment, which appointment was irregular. But, on similar grounds, we think this was likewise a proper charge. See High, Rec. § 805, and *Cowdrey v. Railroad Co.*, 1 Woods, 331.

The receiver has also appealed from the allowance as insufficient, claiming that a greater sum should have been awarded. The award for services performed through itself and its agent, H. M. Hinsdill, was $700, covering a period of about one and one-half months. We are not disposed to disturb this award. While the property involved was considerable, and the bond required large, and the responsibility correspondingly great, yet we think the amount fixed by the circuit judge adequate. The theory of the receiver seems to be that an allowance should be made for the services of Mr. Hinsdill as expenses, and that the company should be allowed full compensation in addition thereto. It cannot be contemplated, however, that, by the appointment of a corporation as receiver, the duties may be devolved upon a responsible individual as the agent of the corporation, and the compensation of the agent be added to the proper charge for the services. If, for its convenience, the corporation sees fit to employ an agent to perform such functions as would generally be performed by the receiver himself, it must itself bear the expense.

On the whole, we think the allowance was neither unreasonable nor inadequate, and the order of the court below will be affirmed. No costs will be allowed on either appeal.

The other Justices concurred.